```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ANDREW ROSS, | : | CIVIL ACTION NO. 05-5029 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| JAMES LARUSSO, et al., | : |  |
| Defendants. | : |  |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed (dkt. entry no. 4, Order to Show Cause); and the plaintiff, who is pro se, having previously attempted to bring an action against the defendant James Larusso in November 2004, see Ross v. Larusso, No. 04-5602 (MLC); and the Court having directed the Clerk of the Court to not file the complaint therein, as the plaintiff (1) sought in-forma-pauperis relief, but failed to show entitlement thereto, and (2) failed to comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure, see id., dkt. entry no. 2, 12-13-04 Mem.Op.; dkt. entry no. 3, 12-13-04 Order & Judgment; and the Court having so ordered again when the plaintiff attempted to amend the complaint, see id., dkt. entry no. 4, 2-4-05 Mem.Op.; dkt. entry no. 6, 2-4-05 Order & Judgment; and

**THE PLAINTIFF** filing another complaint in October 2005 asserting claims against Larusso, and adding the defendant Ahmed Lawson (No. 05-5029 (MLC), dkt. entry no. 1, Compl.); and the

Clerk of the Court assigning a new docket number — No. 05-5029 (MLC) — here; and the Court having directed the Clerk to not file the complaint initially for the plaintiff's failure to pay the filing fee, and advising the plaintiff that the Court would review the complaint upon payment of the fee (dkt. entry no. 2, 10-28-05 Order); and the plaintiff then paying the filing fee (dkt. entry no. 3); and

**THE PLAINTIFF** alleging that Larusso and Lawson are police officers, and that:

> On 4-11-03 [Larusso] unlawfully arrested me. On 7-30-04, I was sentenced to 1 year probation for resisting arrest. However, there was no crime and as such there was no basis for my being arrested. In an incident to resisting arrest, there must have been a basis for the arrest such as a crime committed and a complaint filed either by the victim or the arresting officer upon which the arrest was predicated. Since it is clear that there was none of these predicates upon which the arrest would be permissible. The alleged crime of Aggravated assault was found to have been unsubstanticiated [sic] and I was acquitted of all criminal charges after trial

(Compl., at 6); and the plaintiff seeking to recover damages for false imprisonment and false arrest (id. at 7); and

**IT APPEARING** that claims for false imprisonment and false arrest are actionable under 42 U.S.C. § 1983, see Wallace v. Kato, 127 S.Ct. 1091, 1094-95 (2007); but the plaintiff appearing to allege that, as a result of the arrest on April 11, 2003, he was convicted and sentenced on July 30, 2004, for resisting arrest; and it appearing that a conviction for resisting arrest

requires proof that the accused prevented an officer from effecting a lawful arrest by using or threatening to use physical force against the officer, Blacknall v. Citarella, 168 Fed.Appx. 489, 491 (3d Cir. 2006); and it appearing that, as the plaintiff "would have to negate an element of [the offense of] resisting arrest, an offense of which he has been convicted, in order to prevail on his claim of false arrest or imprisonment, his claim is barred by [the holding of] Heck [v. Humphrey], 512 U.S. [477,] 487 n.6 [(1994)]," as a judgment in the plaintiff's favor would necessarily imply the invalidity of the state conviction and sentence, Blacknall, 168 Fed.Appx. at 491; see Marable v. W. Pottsgove Twp., 176 Fed.Appx. 275, 280-81 (3d Cir. 2006) (stating same); Wright v. Bor. of Buena, No. 05-4782, 2006 WL 1644869, at *2 (D.N.J. June 12, 2006) (stating under Heck, conviction for resisting arrest "bars [plaintiff] from recovering damages under § 1983 for . . . false arrest [and] false imprisonment"); and

 **THE COURT** thus ordering the plaintiff to state whether the claims raised here were intended to clarify the claims raised initially under No. 04-5602 (MLC) (Order to Show Cause, at 4); and the Court also ordering the plaintiff to show cause why the complaint should not be dismissed as barred by Heck and its progeny (id. at 3-4); and

 **THE COURT** ordering the plaintiff to respond by March 21, 2007 (id. at 4); and the plaintiff failing to respond; and thus

the Court intending to grant the order to show cause, and dismiss the complaint as barred by Heck and its progeny; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper  
                                            **MARY L. COOPER**  
                                            United States District Judge